UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 22-1531-cr _____          _____ Caption [use short title] _____

Motion for: Dismissal of Defendant-Appellant's Appeal.

_____

_____

Set forth below precise, complete statement of relief sought:

The government moves to dismiss this appeal because

it is barred by Defendant-Appellant's plea agreement.

United States of America v. Tyo

_____

_____

_____

_____

MOVING PARTY: United States of America _____          OPPOSING PARTY: Michael Tyo _____

☐ Plaintiff          ☐ Defendant

☐ Appellant/Petitioner          ☑ Appellee/Respondent

MOVING ATTORNEY: Sean C. Eldridge, AUSA _____          OPPOSING ATTORNEY: Nicholas J. Pinto, Esq. _____

[name of attorney, with firm, address, phone number and e-mail]

TRINI E. ROSS, USA, WDNY          Law Office of Nicholas Pinto

100 State Street, Suite 500, Rochester NY 14614          745 Fifth Avenue, Suite 500, New York, NY 10151

Tel: (585) 399-3953; Sean.Eldridge@usdoj.gov          Tel: (212) 619-5500; NJP@Pinto-Law.com

Court- Judge/ Agency appealed from: Hon. David G. Larimer, USDJ

Please check appropriate boxes:          FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:

Has movant notified opposing counsel (required by Local Rule 27.1):          Has this request for relief been made below? ☐ Yes ☐ No
☑ Yes ☐ No (explain): _____          Has this relief been previously sought in this court? ☐ Yes ☐ No
_____          Requested return date and explanation of emergency: _____

Opposing counsel's position on motion:          _____
☐ Unopposed ☑ Opposed ☐ Don't Know          _____
Does opposing counsel intend to file a response:          _____
☑ Yes ☐ No ☐ Don't Know          _____

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date: _____

Signature of Moving Attorney:

s/Sean C. Eldridge _____ Date: 07/17/2023 _____ Service by: ☑ CM/ECF ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| United States of America, | AFFIRMATION IN SUPPORT OF MOTION TO DISMISS APPEAL |
| v. | Docket No. 22-1531-cr |
| Michael Tyo, | |
| Defendant – Appellant. | |

STATE OF NEW YORK    )
COUNTY OF MONROE    )   ss.:
CITY OF ROCHESTER    )

SEAN C. ELDRIDGE, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury:

1. I am an Assistant United States Attorney for the Western District of New York and am assigned to represent Appellee United States of America on the appeal filed by Defendant-Appellant Michael Tyo ("Tyo"). I submit this declaration in support of the government's motion to dismiss this appeal based on Tyo's knowing and voluntary waiver of his appellate rights in this case.

**Preliminary Statement**

2.      Tyo appeals from the judgment of conviction entered on July 13, 2022, by the district court (Larimer, J.), following Tyo's guilty pleas and resulting sentence of 100 months' imprisonment, to be followed by a three year term of supervised release. (A[1] 97-103).

3.      On this appeal, Tyo only challenges his sentence. (*See* Doc. 34). However, pursuant to the written plea agreement, Tyo waived his right to appeal or collaterally attack the sentence imposed.

4.      Because the plea and appeal waiver were entered knowingly and voluntarily, and because Tyo has presented no arguments that they were not, this Court should enforce the appellate waiver and dismiss the appeal.

**Statement of Facts**

5.      On July 29, 2020, Tyo waived indictment and pleaded guilty to two counts of bank robbery and one count of attempted bank robbery, all in violation of 18 U.S.C. § 2113(a). (A 4, 8-21).

6.      As part of the plea agreement, Tyo and the government agreed that the applicable advisory Sentencing Guidelines range, based on an offense level

---

[1]      References to "A" are to the Defendant's Appendix.

of 24 and Criminal History Category (CHC) of V, was 92 to 115 months of imprisonment, followed by a supervised release term of 1 to 3 years. (A 14-15).

7.      The plea agreement included an appellate waiver provision at paragraph 25 that provided, in pertinent part:

> The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. **The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release** set forth in Section III, ¶ 12, above, **notwithstanding the manner in which the Court determines the sentence.**

(A 19) (emphasis added). Section III, ¶ 12 of the agreement anticipated a term of imprisonment between 92 and 115 months, a fine of $20,000 to $200,000, and a period of supervised release of 1 to 3 years. As such, Tyo waived his right to appeal or collaterally attack a sentence of 115 months or less, a fine of $200,000 or less, and a term of supervised release of 3 years or less. (A 14-15, 19).

8.      At the Rule 11 plea hearing, the district court placed Tyo under oath and established that he was competent to enter a plea. (A 24-26, 44). The district court confirmed that Tyo had reviewed the plea agreement and discussed the case with his attorney. (A 25-26, 29). The court advised Tyo of the elements of the crimes to which he would be pleading guilty and the maximum penalties that he faced as a result of his guilty pleas.  (A 27-28). The district court also

confirmed that Tyo understood the rights he was giving up by pleading guilty, which included: (i) the right to a jury trial where he would be presumed innocent unless the government proved his guilt beyond a reasonable doubt (A 38-40); (ii) the right to continued representation by counsel throughout any proceedings (A 39); (iii) the right to confront and cross-examine witnesses against him (A 39-40); (iv) the right to testify, present evidence, and subpoena witnesses (*id.*); and (v) the right not to testify. (A 40). Tyo confirmed that his decision to plead guilty was voluntary and that no threats had been made in order to get him to plead guilty. (A 25).

9.  Tyo stated that he had reviewed the plea agreement with his attorney and understood its terms. (A 26). Tyo also understood that he was giving up his right to appeal any sentence that was within or less than the Guidelines range contained in paragraph 12 of the plea agreement, that is, a prison sentence of 92 to 115 months or less. (A 14-15, 19, 36). The district court specifically told Tyo that "what [the plea agreement] tells me and you is that if I do sentence you within that 92 to 115 months range or something lower, you give up the right to complain about it. You give up the right to appeal to the federal appeals court of New York." (A 36). The district court asked Tyo directly "do you understand that's part of this agreement," to which Tyo responded "Yes, your Honor." (*id.*)

10. The district court determined that Tyo was competent and capable of entering into an informed plea and found Tyo's pleas of guilty "to be knowing and voluntary [and] there certainly appear to be facts to support the plea." (A 44). The district court therefore accepted Tyo's guilty pleas to Counts 1, 2, and 3 of the Information. (*Id*.).

11. Eleven months after pleading guilty, Tyo requested a new lawyer to attempt to withdraw his guilty pleas. (A 57). About seven months later and with new appointed counsel, Tyo moved to withdraw his guilty pleas. (A 48-53). The district court denied Tyo's motion, finding that he "completely failed to carry his burden of establishing a fair and just reason" to withdraw his guilty pleas. (A 55-62). Tyo's appeal does not claim that denial was erroneous. (*See* Doc. 34, pp. 8-15).

12. At sentencing, the district court adopted the presentence investigation report which found Tyo's advisory Guidelines range to be 100 to 125 months – slightly higher than the 92 to 115 months anticipated in the plea agreement. (A 70-71, 76). It thereafter imposed a sentence of 100 months' imprisonment followed by a three-year term of supervised release. (A 91-92).

13. The judgment of conviction was entered on July 13, 2022. (A 97). Tyo is currently serving the term of imprisonment.

5

14.    On July 14, 2022, Tyo filed a timely notice of appeal (A 104) and on April 18, 2023, Tyo filed his brief with this Court challenging the 100-month prison sentence (Tyo Brief, pp. 8-15).

15.    Tyo's sole challenge on appeal is that his 100-month prison sentence is unreasonable. (*See id.*). This argument is squarely foreclosed by the plea agreement's appellate waiver. Accordingly, based on the appellate waiver provision of the plea agreement and the existing precedent of this Court (*see* Memorandum of Law filed herewith), this Court should dismiss Tyo's appeal.

16.    I have communicated with Tyo's counsel, Nicholas Pinto, Esq., who indicated to me that he plans on filing a response in opposition to the government's motion to dismiss.

WHEREFORE, the government respectfully requests that this Court enter an order dismissing Tyo's appeal.


s/ *Sean C. Eldridge*
Sean C. Eldridge
Assistant U.S. Attorney

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA,

     v.        Docket No. 22-1531-cr

MICHAEL TYO,

     Defendant - Appellant.

---

**MEMORANDUM OF LAW IN SUPPORT OF THE GOVERNMENT'S
MOTION TO DISMISS THE APPEAL**

THE UNITED STATES OF AMERICA files this Memorandum of Law supporting its motion for dismissal of the defendant-appellant's appeal.

**FACTS AND PROCEDURAL HISTORY**

The facts and procedural history relevant to this appeal are contained in the Affirmation of Sean C. Eldridge, Assistant United States Attorney, filed concurrently herewith.

7

## ARGUMENT

**This Court Should Dismiss the Appeal Based on the Knowing and Voluntary Appellate Waiver.**

**A.    Governing Law**

**1.    The Enforceability of Appeal Waivers**

A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is presumptively enforceable. *See United States v. Borden*, 16 F.4th 351, 354 (2d Cir. 2021) (quoting *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010)); *United States v. Ojeda*, 946 F.3d 622, 629 (2d Cir. 2020). While "plea agreements are to be applied narrowly and construed strictly against the government, exceptions to the presumption of the enforceability of a waiver occupy a very circumscribed area of our jurisprudence." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (internal citations and quotations omitted). This Court has declined to enforce such waivers "only in very limited situations. " *Arevalo*, 628 F.3d at 98.

This Court has articulated four grounds on which an appeal waiver may be deemed unenforceable: "(1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases; (3) where the government breached the agreement containing the waiver;

and (4) where the district court failed to enunciate any rationale for the defendant's sentence." *United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) (quoting *United States v. Gomez-Perez*, 215 F.3d 415, 319 (2d Cir. 2000)).

Absent a constitutional violation or other structural error in the plea process, a written plea agreement containing a waiver of appeal provision bars a subsequent appeal where the defendant's sentence was within the range specified in the agreement. *See United States v. Roque*, 421 F.3d 118, 124 (2d Cir. 2005); *United States v. Haynes*, 412 F.3d 37, 39 (2d Cir. 2005). This Court has recognized that a contrary policy would render the plea-bargaining process and plea agreements meaningless. *See United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993). As a result, where a sentence conforms to the terms of a plea agreement, an appellate waiver provision will generally preclude a challenge to the sentence, even on grounds of alleged illegality. *See United States v. Morgan*, 386 F.3d 376, 379 (2d Cir. 2004); *see also United States v. Rosa*, 123 F.3d 94, 97 (2d Cir. 1997) ("This rule has been held to bar even those appeals which claim that the sentencing court illegally sentenced the defendant under the Guidelines and relevant statutes, so long as the court nevertheless imposed a sentence within the range outlined in the agreement."). When a defendant's plea agreement forecloses appeal of a sentence within a stipulated range, the remedy is dismissal of any appeal. *United States v. Ojeda*, 946 F.3d 622, 629 (2d Cir. 2020).

**B.      Discussion**

Tyo expressly waived his right to appeal any prison sentence of 115 months or less as part of his plea agreement. (A 14-15, 19, 35-36.) During the plea colloquy, Tyo affirmed that he had read the plea agreement and discussed it with his attorney. (A 100-01). The district court specifically confirmed that Tyo understood the appellate waiver which provided that he could not appeal a sentence within or less than the guidelines range contained in the plea agreement, that is, to a prison term of 115 months or less. (A 132-33). Thus, Tyo's waiver was knowing and voluntary. Because the district court's prison sentence of 100 months is within the Guidelines range and therefore covered by the plea agreement's appellate waiver, Tyo's appeal is barred and should be dismissed. *See United States v. Coston,* 737 F.3d 235, 237 (2d Cir. 2013); *United States v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009) ("[I]n no circumstance may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily *waived* the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." (internal quotation marks and ellipses omitted)).

Tyo has not raised any claim of error with regard to entry of the plea or the appeal waiver. *See* Doc. 34. And in fact, based on this record, there is no claim of error that Tyo could advance to justify vitiating the plea agreement's

10

appeal waiver provision. None of the *Gomez-Perez* exceptions to the enforceability of appellate waivers are present here and the district court "adequately complied" with the dictates of Rule 11. *United States v. Lloyd*, 901 F.3d 111, 118 (2d Cir. 2018). Importantly, Tyo does not contend that his plea nor the waiver of his appellate rights was anything but knowing and voluntary. And while Tyo attempted to withdraw his guilty pleas before the district court (A 48-62), that motion was denied and Tyo makes no claim on this appeal that denial was erroneous. (*See* Doc. 34, pp. 8-15).

Tyo's appeal exclusively attacks the sentence imposed, but that claim is barred because Tyo waived his right to appeal "any component" of his sentence that fell within the anticipated range, "notwithstanding the manner in which the Court determines the sentence." (A 19). Tyo's "waiver of his right to challenge his sentence plainly includes a waiver of his right to claim errors arising out of the District Court's crafting of [his] sentence." *Arevalo*, 628 F.3d at 97; *see also, e.g.*, *United States v. Yemitan*, 70 F.3d 746, 748 (holding procedural challenge waived because "[i]f this waiver does not preclude a challenge to the sentence as unlawful, then the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants").

Indeed, this Court has enforced appellate waivers in a variety of circumstances, including where the defendant claimed that the district court:

failed to give adequate reasons and discussed sentencing-related matters off the record in the court's chambers, *Coston*, 737 F.3d at 236-38; failed to comply with Rule 32, *Arevalo*, 628 F.3d at 97; imposed an illegal sentence in violation of the parsimony clause of 18 U.S.C. § 3553(a), *United States v. Ruiz*, 272 F. App'x 19, 20-21 (2d Cir. 2008) (Summary Order); erred in calculating the Guidelines, *Rosa*, 123 F.3d at 101-02; and "failed in its duty under 18 U.S.C. § 3553(c)(1) to adduce reasons for imposing th[e] specific sentence, thereby rendering the sentence illegal," *Yemitan*, 70 F.3d at 746, 748.

Because Tyo's sole argument is focused on the length of his sentence, an argument he agreed to forego, this Court should dismiss the appeal. *See United States v. Willard*, 588 F. App'x 78, 79 (2d Cir. 2015) (Summary Order) (appeal dismissed where "no indication that the sentence was reached in a manner that the plea agreement did not anticipate, nor does the defendant raise any colorable claim that enforcing his waiver would violate his more fundamental rights.") (internal citation omitted).

**CONCLUSION**

For the reasons set forth above, the government respectfully requests that this Court enforce the appellate waiver and dismiss Tyo's appeal.[2]

DATED: Rochester, New York, July 17, 2023.

Respectfully submitted,

TRINI E. ROSS
United States Attorney

BY:    *s/Sean C. Eldridge*
SEAN C. ELDRIDGE
Assistant U.S. Attorney
Western District of New York
100 State Street, Suite 500
Rochester, New York 14614

---

[2] Should the Court deny this motion, the Government respectfully requests that it be permitted to file a brief within 60 days of the date of entry of the order denying this motion.