**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**
-------------------------------------------------------x
**UNITED STATES OF AMERICA,**

     **Appellee,**             22-1531

 -against-                **AFFIRMATION IN OPPOSITION**
                       **TO MOTION TO DISMISS APPEAL**


**MICHAEL TYO**

     **Defendant - Appellant.**
-------------------------------------------------------x

   NICHOLAS J. PINTO, an attorney duly admitted to practice before the Courts of the State of New York, affirms under the penalty of perjury that the following statements are true:

   1.  I was assigned pursuant to the Criminal Justice Act to represent appellant Michael Tyo on the present appeal.

   2.  I make this affirmation in opposition to the government's motion to dismiss Mr. Tyo's appeal filed April 18, 2023. On July 18, 2023, the Court issued an order requiring us to file a response to the motion to dismiss on or before July 27, 2023.

   3.  Tyo appeals from a judgment of the United States District Court for the Western District of New York (Larimer, J.), entered on July 7, 2022, convicting him, upon his guilty plea, of Bank Robbery in violation of 18 USC § 2113(a)

(COUNT ONE and TWO), and Attempted Bank Robbery in violation of 18 USC § 2113(a) (COUNT THREE) and sentencing him to a term of imprisonment of 100 months to be followed by a three-year term of supervised release. In addition, the court ordered a special assessment of $300 and restitution of $2600.00. Tyo is currently incarcerated pursuant to that sentence.

4. We filed Mr. Tyo's main brief on April 18, 2023. Our brief argued that Tyo's sentence was substantively unreasonable.

5. On July 17, 2023 the government moved to dismiss the defendant's appeal based on the appellate waiver provision in the defendant's plea agreement. See Case 22-1531, Document 55, filed 07/17/2023.

**The Appellate Waiver is Unenforceable**

6. [A] defendant may have a valid claim that the waiver of appellate rights is unenforceable . . . when [1] the waiver was not made knowingly, voluntarily, and competently, [2] when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, [3] when the government breached the plea agreement, or [4] when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus." United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000). (quotation marks

2

and citations omitted).

7. Because "[p]lea agreements are subject to the public policy constraints that bear upon the enforcement of other kinds of contracts," this Court has recognized that "a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court." United States v. Yemitan, 70 F. 3d 746,748 (2d Cir. 1995) (quotation marks omitted).

8. The waiver provision in the defendant's plea agreement is unenforceable because in failing to consider factors under 18 USC §3553(a), the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus." United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000)

9. The defendant presented significant evidence at sentencing regarding serious mental health issues and the Court disregarded those issues. Specifically, the defendant submitted a mitigation report detailing Tyo's lifelong struggle with bipolar disorder that detailed symptoms suffered by the defendant including grandiosity, agitation, inability to sit still, lack of focus, insomnia, impulsivity, risk taking, including drug use, and even mild aggression. To that end, at sentencing, the Court made note that Tyo's was more respectful to the Court and more rational overall early on but his behavior and demeanor got progressively

worse over time. The defendant's mitigation report demonstrated that Tyo's condition was exacerbated with longer and prolonged periods of incarceration. Moreover, the defendant through counsel, complained that Tyo was not receiving proper medication.

10. The defendant submitted evidence of a significant medical condition that was directly and specifically related to the commission of his offense. None of this was taken into consideration by the court. In fact, it was rejected by the Court at sentencing even though all of Tyo's bad behavior and actions leading up to and on the day of sentence are textbook examples of bipolar disorder.

11. "The mandate of Campo, and Gall, is that a district court must consider . . .the § 3553(a) factors when formulating the appropriate sentence. Refusal to consider these things is an error categorically different from a misapplication of a guideline, or a mistake of law, or a dubious finding of fact." United States v. Woltmann, 610 F.3d 37, 43 (internal citations omitted).

12. The District Court's refusal to consider factors under §3553, like in Woltmann, is the category of error contemplated in Gomez-Perez, 215 F.3d at 319, which states that an appeal waiver is unenforceable when the district court abdicates its duties in imposing sentence. United States v. Woltmann, 610 F.3d 37, 43.

13. As such, the waiver provision in Tyo's plea agreement is unenforceable.

WHEREFORE, we respectfully request that the Court deny the government's motion to dismiss and that the Court grant such other and further relief as it may deem just and proper.

Affirmed: New York, New York
July 27, 2023

/s/ *Nicholas J. Pinto*
Nicholas J. Pinto
745 Fifth Avenue, Suite 500
New York, New York 10151
(212) 619-5500
*Attorney for Appellant*
*Michael Tyo*

5